**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| ALBEMARLE CORPORATION | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 05-1239-JJB-SCR |
| | : | |
| CHEMTURA CORPORATION and | : | |
| GREAT LAKES CHEMICAL CORPORATION | : | |
| | : | |
| Defendants. | : | |

**ALBEMARLE'S MOTION FOR AN ORDER TO SHOW CAUSE WHY DEFENDANTS SHOULD NOT BE HELD IN CONTEMPT AND SANCTIONED FOR VIOLATING THIS COURT'S PROTECTIVE ORDER**

On February 27, 2006, this Court entered an Order Governing the Protection and Exchange of Discovery Material ("the Protective Order"; rec. doc. 15). The Protective Order, which the parties negotiated and agreed-to, guards against the misuse and disclosure of information learned through discovery in this case.

Defendants have now violated the Court's Protective Order by using information they obtained from this litigation to publicly request that the United States Patent and Trademark Office ("the PTO") reexamine the validity of Albemarle's patent in suit. Not only does defendants' now-public reexamination request include information that they were expressly forbidden from using outside this lawsuit, defendants also had one of their testifying experts, Dr. John Reffner, submit a sworn Declaration to the PTO in support of their request. Contrary to the sworn Undertaking which he signed, Dr. Reffner's Declaration commented on the contents of Albemarle's Highly Confidential information.

As explained in Albemarle's Memorandum supporting this Motion, defendants' attempts to justify their misconduct establish that they have no intention to comply with this Court's Order and no remorse for being caught: "***The protective order is not a gag order***." Indeed, defendants even deny that the Protective Order includes a prohibition that <u>they</u> insisted it contain. Strong and prompt action by this Court is required to prevent further violations of the Protective Order and to determine the full extent of defendants' contempt.

Unfortunately, this is not the first time Albemarle caught the defendants violating the Protective Order. A year ago, Albemarle agreed not to expose defendants' earlier violation to the Court if they would agree, in writing, not to repeat the same misconduct. Defendants provided that written assurance, twice, but then promptly violated the Protective Order again, and in the same way. Given defendants' history, their latest excuses, and the harm they have now caused, Albemarle has no choice but to seek assistance from this Court.

At this time, Albemarle does not know the full scope of defendants' violations. Albemarle, therefore, requests limited discovery to identify what information was improperly used and when, the identity of the individuals involved, and their degree of willfulness.

Moreover, defendants' actions will soon create a conflict between Albemarle's duty of complete disclosure to the PTO and its obligations under this Court's Protective Order. Thus, Albemarle seeks expedited briefing on this matter and certain relief from its Protective Order obligations.

Accordingly, for the reasons set forth in Albemarle's accompanying Memorandum, Albemarle respectfully requests that this Court issue an Order To Show Cause why defendants should not be held in contempt and that the following be ordered:

(a) Dr. John Reffner is excluded from further participation in this litigation and in any PTO reexamination of Albemarle's patent in suit;

(b) All of Dr. Reffner's expert reports and deposition testimony in this action are stricken and all corresponding references are expunged from the record;

(c) An injunction issues precluding defendants from further participating directly or indirectly in a PTO reexamination of Albemarle's patent in suit;

(d) An expedited briefing schedule is set requiring defendants to answer Albemarle's motion within ten (10) days of service of this motion and that any reply be submitted within seven (7) days after service of the answer;

(e) Albemarle is permitted to conduct limited discovery, including issuing subpoenas and taking depositions, to investigate the scope of defendants' Protective Order violations and to identify the individuals involved. The discovery should be conducted on an expedited basis, requiring subpoena recipients to respond completely within ten (10) days of receipt, and that any deposition be completed twenty (20) days after full responses to all subpoenas;

(f) Defendants are ordered to reimburse Albemarle for all reasonable expenses, including attorney's fees, associated with this limited discovery;

(g) A hearing will be held in which Albemarle will to return to this Court, after completing the limited discovery above, for the purpose of seeking to exclude

those individuals, including counsel, who were involved in the improper dissemination, use, or the decision to disseminate or use, information in violation of the Protective Order;

 (h) Albemarle is relieved from certain obligations under the Protective Order thereby permitting Albemarle to disclose information learned during this case to the PTO which, in Albemarle's best judgment, is material to the reexamination proceedings;

 (i) Albemarle is relieved from certain obligations under the Protective Order thereby permitting its trial team to participate in the reexamination of the patent in-suit and to communicate with any reexamination counsel to the extent reasonably necessary for the proper conduct of that proceeding;

 (j) Albemarle is relieved from certain obligations under the Protective Order thereby permitting it to share its briefs and attendant papers, filed under seal, with its reexamination counsel (specifically rec. docs. 332 and 361).  Defendants' arguments in the reexamination request mirror their summary judgment positions.  Albemarle has already incurred legal expenses to assess and respond to those arguments.  This relief will prevent Albemarle from having to incur the same costs a second time by having its reexamination counsel reassess the same arguments;

 (k) Defendants must reimburse Albemarle for all costs and fees associated with bringing this motion and its attendance at any relating hearings on this matter;

 (l) Any further relief that this Court deems appropriate under the circumstances, including a finding of criminal contempt and appropriate fine.

Respectfully submitted,

**KEAN, MILLER, HAWTHORNE, D'ARMOND,
 McCOWAN & JARMAN L.L.P.**

By: /s/ L. Victor Gregoire
G. William Jarman (7238)
L. Victor Gregoire (22400)
Twenty-second Floor
One American Place
Baton Rouge, Louisiana 70825
Telephone: (225) 387-0999
Facsimile: (225) 388-9133
*Attorneys for Plaintiff,
 Albemarle Corporation*

**OF COUNSEL:**
Rudolf E. Hutz
Eric J. Evain
**CONNOLLY BOVE LODGE & HUTZ, LLP**
The Nemours Building
1007 North Orange Street
Wilmington, Delaware 19899-2207
Telephone: (302) 658-9141

**DATED:** September 11, 2008

634051

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing:

**ALBEMARLE'S MOTION FOR AN ORDER TO SHOW CAUSE WHY DEFENDANTS SHOULD NOT BE HELD IN CONTEMPT AND SANCTIONED FOR VIOLATING THIS COURT'S PROTECTIVE ORDER**

was filed electronically with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to the following by operation of the Court's electronic filing system and by the means indicated to:

**FEDERAL EXPRESS**

Brian A. Jackson
**LISKOW & LEWIS**
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, LA 70139-5099

**FEDERAL EXPRESS**

Richard D. Harris
Jeffrey P. Dunning
**GREENBERG TRAURIG LLP**
77 West Wacker Drive, Suite 2500
Chicago, Illinois 60601

Baton Rouge, LA, this 11th day of September, 2008.

/s/ L. Victor Gregoire
L. Victor Gregoire (22400)
*Attorney for Albemarle Corporation*
KEAN MILLER HAWTHORNE
  D'ARMOND McCOWAN & JARMAN L.L.P.
Twenty-second Floor
One American Place
Baton Rouge, Louisiana 70825
Telephone: (225) 387-0999
Facsimile: (225) 388-9133
E-Mail: Victor.Gregoire@keanmiller.com