UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

ALBEMARLE CORPORATION

VERSUS

CHEMTURA CORPORATION AND GREAT
LAKES CHEMICAL CORPORATION

CIVIL ACTION

NO 05-1239-JJB

## ORDER

Pursuant to this Court's previous order appointing a Special Master (doc. 381), the following issues are resubmitted to the Special Master for an additional report and recommendation:[1]

1. Although Albemarle moves to strike defendant's motions for summary judgment based on the on-sale bar, obviousness, and anticipation, the Special Master recommends denying the motions to strike, stating that defendant raised these defenses "at a time where the Court can protect Albemarle from any unfair prejudice while at the same time work to resolve this matter on the merits."[2] In order to protect plaintiff from prejudice, should discovery be reopened? If so, what is the recommended scope of such discovery? In particular, Albemarle argues it would have conducted discovery regarding the scope and content of prior art, the objective indicia of non-obviousness, and when the patented wet-cake was ready for patenting. Is further discovery by the parties or consideration by the Special Master of any of these issues required before reaching defendant's summary judgment motions?

---

[1] Upon receipt of the Special Master's additional report and recommendation, written objections and responses may be filed in accordance with the procedure set out in doc. 381.
[2] Doc. 453-2, page 8.

2. As to the on-sale bar, anticipation, and obviousness, the parties disagree regarding the necessity of expert testimony. Is expert testimony needed in order to rule on any of these summary judgment motions, especially when the parties have agreed that one skilled in the art would be an individual with a bachelor's degree in chemistry and several years of experience in the field?

3. Regarding the on-sale bar, the Special Master cites *Pfaff v. Wells Elecs., Inc.,* 525 U.S. 55, 57 n. 2 (1998)  and reasons that because a wet cake within the asserted claims was completely composed, it was ready for patenting. Is there merit to plaintiff's argument that an invention is not ready for patenting if the inventor does not know how to make the invention?[3] Or does this argument assume process limitations already rejected by the claim construction ruling?

4. Is there merit to defendant's argument that, regarding a determination of obviousness, "the question of 'enablement' is not relevant to composition claims."[4]


Signed in Baton Rouge, Louisiana, on February 4, 2009.

_____
JUDGE JAMES J. BRADY
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

---

[3] According to defendants, "it matters little whether the inventor 'appreciates' how to 'reliably and reproducibly' make the composition—it only matters that the inventor 'appreciates' that the composition existed, which Plaintiff's logs and manufacturing records indicate." Doc. 477.

[4] Doc. 477.